FILED

JULY 20, 2007
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:06-CR-0014 (01) |
| | § | (2:07-CV-0124) |
| LEOPOLD JIMENEZ-PEREZ | § | |

**REPORT AND RECOMMENDATION
TO DENY DEFENDANT'S MOTION FOR EXTENSION TO FILE
and TO DISMISS MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

Came for consideration the "Motion for Extension to File" filed by defendant LEOPOLD

JIMENEZ-PEREZ on July 6, 2007, and the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside

or Correct Sentence by a Person in Federal Custody filed by defendant on June 21, 2007. For the

reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends

defendant's extension motion be DENIED, and defendant's motion to vacate be DISMISSED.

On April 20, 2006, defendant entered a plea of guilty to the charged offense of illegal re-

entry of a felon after deportation. Defendant also submitted a sworn Factual Resume wherein he

admitted the elements of the offense. On June 26, 2006, the District Judge sentenced defendant

to a term of 87 months imprisonment and judgment was entered. Defendant did not file a direct

appeal challenging his conviction and/or sentence.

On June 21, 2007, defendant filed a form Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody. By his motion, defendant

"reserve[d]" all of the grounds set forth in the form motion as examples of the "most frequently

raised grounds for relief" for "when he receives all transcripts." Defendant did not indicate how

any of the grounds, simply referenced by initial, might be applicable to the underlying criminal proceeding, nor did defendant allege any facts whatsoever in support of any referenced ground.

The form 2255 motion specifically instructed defendant not to "check any of [the] listed grounds" and advised the motion would be returned to the defendant if he merely checked any one of the grounds without alleging facts or making supporting argument. By his simple reference to the grounds without any factual allegations or argument, defendant, in effect, only checked the grounds listed on the form.

As defendant's motion to vacate did not allege any specific grounds, nor any facts or argument in support of any ground, the undersigned, on June 25, 2007, ordered defendant to supplement his motion to vacate, setting forth with specificity the grounds he seeks to allege, the facts and legal argument which support such allegations, the relief he seeks, and argument as to why he is entitled to such relief. Such supplemental motion was ordered to be filed on or before July 6, 2007. Defendant was further warned that his failure to timely and properly supplement his motion would result in the entry of a Report and Recommendation for the dismissal of his motion for failure to state a claim upon which relief can be granted.

On July 6, 2007, instead of submitting the ordered supplementation, defendant filed a "Motion for Extension to File" requesting "an extension of time to file his brief for the habeas corpus." As just cause for an extension, defendant cited his limited access to the prison law library, his daily work assignments, his lack of skill in the area of law, the need for his brief to be articulate and concise, his constitutional liberty interest in the proceeding, and his lack of representation. Defendant requested until October 6, 2007 in which to file his brief "so that he may retrieve all paperwork from his lawyer and court clerk."

In his motion for extension, defendant has not alleged any grounds of purported error as directed, nor has he attempted to set forth any factual basis to support any alleged error.  Instead, defendant seeks additional time to submit a brief in support of his motion to vacate.  However, there are no grounds raised, or facts asserted, in defendant's motion to vacate upon which to base a supporting brief.  Even construing defendant's motion to vacate liberally as this court must, said motion is so deficient, in and of itself, that it fails to state any claim which would entitle him to federal relief.  Defendant's motion to vacate is so deplete the undersigned is hard pressed to find it could even qualify as a skeletal motion.  Federal courts can summarily dismiss any petition that appears legally insufficient on its face.  *See McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994).  Such is the case here.  Consequently, defendant's "Motion for Extension to File" should be denied, and defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct  Sentence by a Person in State Custody" should be dismissed for failure to state a claim upon which relief can be granted.

<u>RECOMMENDATION</u>

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion for Extension to File filed by defendant LEOPOLD JIMINEZ-PEREZ be DENIED, and the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant be, in all things, DISMISSED.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of July 2007.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).